UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| LARRY FARLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:23-cv-00149-JPH-MJD |
| | ) |
| OWEN COUNTY, INDIANA, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**ORDER SCREENING COMPLAINT AND
DIRECTING FILING OF AMENDED COMPLAINT**

Plaintiff Larry Farley is a prisoner currently incarcerated at Westville Correctional Facility. Mr. Farley filed this civil action under 42 U.S.C. § 1983 alleging that the prosecutor at his state probation revocation hearing withheld evidence. Because Mr. Farley is a "prisoner," this Court must screen the complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

**I.
Screening Standard**

Under 28 U.S.C. § 1915A(b), the Court must dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

1

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Pro se* complaints are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

## II.
## The Complaint

Mr. Farley names nine defendants in his complaint: (1) Prosecutor Don VanDerMoere II; (2) Sheriff Bill Hobbs; (3) Officer Mitch Fleetwood; (4) Officer Austin Combs; (5) Officer Asparagus; (6) Marshal Hibbler; (7) Officer Browning; (8) Megan Schueler; and (9) a John Doe. Dkt. 1 at 1.

The Court "accept[s] the facts alleged in the complaint as true and draw[s] all reasonable inferences" in Mr. Farley's favor. *Booker-El v. Superintendent, Indiana State Prison*, 668 F.3d 896, 899 (7th Cir. 2012). Mr. Farley alleges that, in late September 2021, officers from the Owen County Sherriff's Department were searching for Mr. Farley's son, Bobby Forey, who was a suspect in a shooting investigation. *See* dkt. 1 at 2. The officers told Mr. Farley that, if he did not tell them Mr. Forey's location, he would go to jail. *Id.* at 3. Mr. Farley did not know where his son was, and the officers left. *Id.*

In the subsequent two weeks, Mr. Farley was pulled over almost every day by the officers and asked where his son was. *Id.* Marshal Hibbler also visited Mr. Farley's property and told him to leave the township. *Id.* On

October 15, Officer Fleetwood, Officer Asparagus, and Officer Combs searched Mr. Farley's property with a warrant and found stolen flooring. *Id.* at 4. Mr. Farley was arrested for theft. *Id.*

At the time of this arrest, Mr. Farley was on probation under an Indiana conviction for unlawful possession of a firearm by a serious violent felon. *Farley v. State*, No. 22A-CR-483, 2022 WL 16545543, at *1–2 (Ind. Ct. App. Oct. 31, 2022).[1] The terms of Mr. Farley's probation prohibited him from committing any offenses while he was on probation, *id.*, so the State filed a petition to revoke Mr. Farley's probation, *id.* at 5.

An evidentiary hearing was later held to determine whether to revoke Mr. Farley's probation. *See* dkt. 1 at 4. Mr. Farley claims that he provided Prosecutor Don VanDerMoere with evidence that the stolen flooring was not found on his property and a letter stating that Mr. Farley was not involved with the theft. *Id.* However, Mr. VanDerMoere refused to introduce this information into evidence. *Id.* The trial court revoked Mr. Farley's probation, and Mr. Farley was ordered to serve the remaining seven years of his sentence in the Indiana Department of Correction. *See Farley*, 2022 WL 1645543, at *5.

Mr. Farley then filed this complaint, seeking release from prison and monetary damages. Dkt. 1 at 5.

---

[1] The Court can take judicial notice of the decisions of other courts. *See Daniel v. Cook County*, 833 F.3d 728, 742 (7th Cir. 2016).

### III.
### Discussion of Claims

Mr. Farley's complaint contains wide-ranging allegations, but the Court is only able to discern one legal claim: malicious withholding of evidence by the state prosecutor, Don VanDerMoere, in his probation revocation hearing. *See* dkt. 1 at 4. But in actions arising under 42 U.S.C. § 1983—such as this one—"[p]rosecutors are absolutely immune from liability for damages . . . for conduct that is functionally prosecutorial; this immunity is understood to broadly cover all conduct associated with the judicial phase of the criminal process." *Bianchi v. McQueen*, 818 F.3d 309, 316 (7th Cir. 2016). Since Mr. Farley's complaint only brings allegations regarding Mr. VanDerMoere's conduct in the probation revocation hearing, Mr. VanDerMoere is absolutely immune from suit, and this claim must be **dismissed**.

Mr. Farley also names eight other people as defendants in this suit. *See* dkt. 1 at 1. One of them is named "John Doe." *Id.* However, "it is pointless to include [an] anonymous defendant . . . in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997). Thus, any claim against the John Doe defendant is **dismissed**.

As to the other seven defendants, Mr. Farley does not adequately state a claim against them. He certainly recites facts about their involvement in the investigation of his son and his own arrest, dkt. 1 at 2–4, but the Court is not able to discern from those allegations what specific legal claims he is making,

4

and against whom. Plaintiffs are required to present "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a), and Mr. Farley's wide-ranging complaint does not meet this standard. *See United States ex rel. Garst v. Lockheed–Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003) ("Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud."). Thus, any remaining claims are **dismissed**.

## IV.
## Conclusion

In sum, Mr. Farley's complaint, dkt. 1, must be **dismissed**. However, the dismissal of the complaint will not lead to the dismissal of the action at present. Instead, Mr. Farley shall have through **June 23, 2023**, in which to file an amended complaint. The amended complaint will completely replace the original. *See Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture."). Therefore, it must set out every defendant, claim, and factual allegation Mr. Farley wants to pursue in this case.

An amended complaint should, in essence, tell the Court who did what when. In filing an amended complaint, Mr. Farley shall conform to the following guidelines: (a) the amended complaint shall comply with the requirement of Rule 8(a)(2) of the Federal Rules of Civil Procedure that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief"; (b) the amended complaint must include a demand for the relief sought; (c) the amended complaint must identify what legal injury

5

he claims to have suffered and what persons are responsible for each legal injury; and (d) the amended complaint must include the case number referenced in the caption of this Order, 2:23-cv-00149-JPH-MJD. Further, the amended complaint must have the words "Amended Complaint" on the first page. **The Clerk is directed to enclose** a form complaint for Mr. Farley's use.

If an amended complaint is filed as directed, it will also be screened pursuant to § 1915A. If no amended complaint is filed, this action will be dismissed for the reasons set forth above and final judgment entered without further notice.

However, Mr. Farley should be aware that the relief sought in his original complaint appears to be barred by *Heck v. Humphrey,* 512 U.S. 477 (1994), which holds that "a person who has been convicted of a crime cannot seek damages or other relief under federal law . . . for violation of his rights by officers who participated in the investigation or prosecution of the criminal charge." *Hill v. Murphy,* 785 F.3d 242, 244 (7th Cir. 2015). Additionally, Mr. Farley's original complaint seeks release from prison. Dkt. 1 at 5. A petition for a writ of habeas corpus is the exclusive remedy to challenge the fact or duration of confinement. *Nelson v. Campbell,* 541 U.S. 637, 646 (2004).[2]

---

[2] The Court takes judicial notice that Mr. Farley also has a habeas corpus case pending in front of Judge Sweeney. *See Farley v. Galipeau,* No. 2:23-cv-141-JRS-MG (S.D. Ind. Mar. 22, 2023).

**SO ORDERED.**

Date: 6/1/2023

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

LARRY FARLEY
950773
WESTVILLE - CF
WESTVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
5501 South 1100 West
WESTVILLE, IN 46391